IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CHARLES AARON ROSS                    *

      Plaintiff,                          *

          v.                             *          3:08-CV-344-WHA
                                                  (WO)

SHERIFF JAY JONES, *et al.*,           *

      Defendants.                         *

_____


## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Charles Ross ["Ross"], is an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama.  He filed this 42 U.S.C. § 1983 action on May 9, 2008 against Sheriff Jay Jones and Major Cary Torbert.   Ross complains that the rules at the jail constantly change which creates a security hazard.  He further complains that verbal harassment at the jail puts him in fear of being injured or killed by a correctional officer. Ross request the court to investigate his claims for "fair justice" and "fair housing" during his confinement in the county detention center.   Upon review of the complaint, the court finds that it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is  subject to dismissal under  the

## I. DISCUSSION

Ross alleges that Defendants are constantly changing the rules at the Lee County Detention Center but are never present at the jail to address said changes. According to Ross, daily rule changes lead to a lack of security.  He, therefore, requests that the court  conduct an investigation before "someone gets killed [or] seriously injured."  (*Doc. No. 1 at 2.*)

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981).  Additionally, Plaintiff must allege facts indicating that he himself suffered actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  A plaintiff in a civil action lacks standing to assert the constitutional rights of other persons.  *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Here, Plaintiff's claims concerning the effect that rule changes at the county jail have on inmates are not only conclusory and speculative but also fail to allege a violation of any constitutional right to which Plaintiff is entitled.  While Plaintiff contends that he is concerned because someone might get injured or killed as a result of frequent rule changes,

---

provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

this subjective concern, without more, is insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations "are not an adequate substitute for claims of specific, present objective harm or threat of a specific, future harm."). Accordingly, this claim is due to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Ross complains that so much verbal harassment occurs at the jail that he lives in constant fear of being killed or seriously injured by a lower ranking correctional officer. The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Ross v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *see also Hill v. Chalanor,* 128 Fed.Appx. 187, 189 (2nd Cir. 2005) (alleged threats made by prison guard defendant, "without any allegation that the latter carried through on those threats, did not constitute adverse action."). Consequently, Plaintiff's allegation regarding verbal threats and harassment will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

To the extent Plaintiff files suit against Defendants based on their supervisory roles, such claim is subject to dismissal. The law is settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does

not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Ross' claim against Defendants on the basis of respondeat superior is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 28, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of May 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE